COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  2017 Yale Development, LLC v. Steadfast Funding, LLC, et al.

Appellate case number:  01-20-00027-CV

Trial court case number:  2016-64847

Trial court:  190th District Court of Harris County

On February 8, 2021, appellees Matthew C. Aycock, Pratt Aycock & Associates, PLLC, and Pratt Aycock, Ltd. (the "Aycock appellees") filed their appellees' brief with the Clerk of this Court. On February 11, 2021, the remaining appellees, the Steadfast appellees,[1] filed their appellees' brief with the Clerk of this Court.[2] Also on February 11, 2021, the Steadfast appellees filed a "[Motion for] Extension of Time to File Appendix to

---

[1] The "Steadfast appellees" include Steadfast Funding, L.L.C., Carl March Sherrin, Initram, Inc., Liberty Trust Company, Ltd., Eternal Investments, LLC, Bruce L. Robinson, Dale Pilgeram, Trustee of the Pilgeram Family Trust, Joseph C. Hibbard, RJL Realty, LLC, Kornelia Peasley-Brown, Salvador Ballesteros, Margaret M. Serrano-Foster, Trustee of the Margaret M. Serrano-Foster Trust dated 12/2/2005, Richard R. Metler, Trustee of the Richard R. Metler Revocable Living Trust, James T. Smith, Trustee of the James T. Smith Trust, Liberty Trust Company Ltd., custodian for the benefit of Vincent Paul Mazzeo, Jr. IRA, Joe Saenz, Patrick Grosse, Trustee of the Grosse Family Trust dated 12/31/2004, Eric Vehaeghe, Stephen K. Zupanc, Liberty Trust Company Ltd., custodian for the benefit of Adam K. Hruby IRA #TC005383, Vincent Investments, ELM 401K PSP, Laurel Mead and Edwin A. Mead, Trustees, Equity Trust Company, custodian for the benefit of Steven Krieger IRA, Julio M. Schnars, Joseph M. Schnars, Joseph Dersham, Joyce Dersham, Walter Kaffenberger, Christel Kaffenberger, Mike Berris, Jason Sun and Equity Trust Company, custodian for the benefit of Erica Ross-Krieger IRA, Brandoria, Ltd., ELB Investments, LLC.

[2] The Steadfast appellees have incorrectly identified their appellees' brief as a "reply brief." The brief filed by the Steadfast appellees is in response to appellant's brief, subject to the word limits for responsive briefs. *See* TEX. R. APP. P. 9.4(i)(2)(B) (setting 15,000 word limit for "[a] brief and response in an appellate court").

Brief,"[3] stating that the clerk's record is incomplete, and as such, they "are attaching [the missing clerk's record] documents," which the Steadfast appellees contend are "pertinent," along with their brief. However, because "the appendices are voluminous," the Steadfast appellees requested additional time to file the appendix to their brief. Based on this Court's records, it appears that the Steadfast appellees have filed all appendices to their brief. Accordingly, the Steadfast appellees' motion for extension of time to file appendix is **dismissed as moot**.

Separately, on February 23, 2021, appellant 2017 Yale Development, LLC filed a motion requesting leave from the Court to exceed the word limit for its brief in reply, or, in the alternative, requesting that we strike the Steadfast appellees' brief.[4] *See* TEX. R. APP. P. 9.4(i)(2)(C) (providing 7,500 word limit for reply brief filed in appellate court). In its motion, appellant asserts that the Steadfast appellees exceeded the word limit in their appellees' brief. Accordingly, appellant seeks leave to file a reply brief with "an additional 10,000 words to be able to address the factual issues raised by the Steadfast [a]ppellees and adequately respond" to both the Steadfast appellees' brief and the Aycock appellees' brief.

However, the Steadfast appellees' brief fails to comply with the Texas Rules of Appellate Procedure briefing requirements. Specifically, the brief includes a "statement of the case" which is approximately 17 pages in length, and which discusses the facts of the case on appeal. *See* TEX. R. APP. P. 38.1(d) (statement of the case "must state concisely" nature of case on appeal, and "should seldom exceed one-half page, and should not discuss the facts"). Accordingly, we **grant** the alternative relief requested in appellant's motion, and **strike** the Steadfast appellees' February 11, 2021 brief for failure to comply with the Texas Rules of Appellate Procedure. We further order the Steadfast appellees to file a compliant brief within ten days of the filing of the fourth supplemental clerk's record requested by the Steadfast appellees.

Appellant's motion for leave to exceed the word limit for its brief in reply is **denied**. Because of the relief granted in this order, appellant's deadline for filing its brief in reply to the Steadfast appellees' brief cannot yet be determined. Consequently, appellant's motion for an extension of time to file its brief in reply to the Steadfast appellees' brief is

---

[3] The Steadfast appellees' motion does not include a certificate of conference. However, in the motion, the Steadfast appellees represent that "[c]ounsel for [the Steadfast] [a]ppellees has reached out to counsel for [a]ppellant," but that, at the time of filing the motion, the Steadfast appellees had "not received a response" regarding whether appellant was opposed to the relief requested in the motion. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a). The motion further represents that the non-Steadfast appellees are not opposed to the relief requested in the motion.

[4] Appellant's motion includes a certificate of conference representing that appellant "conferred" with counsel for appellees on February 23, 2021, the day the motion was filed. *See* TEX. R. APP. P. 10.3(a)(2). Appellant represents that, at the time of filing, counsel for the Steadfast appellees had not responded, and counsel for the non-Steadfast appellees "is unopposed" to the relief requested.

**dismissed as moot.** However, nothing in this order prevents appellant from filing a new motion for extension of time if an extension is still desired once a deadline for filing appellant's brief in reply to the Steadfast appellees' brief can be determined.

On February 26, 2021, appellant filed a motion for extension of time to file its brief in reply to the Aycock appellees' brief. Appellant's motion was granted by order dated February 26, 2021, extending the deadline to file its brief in reply to the Aycock appellees' brief to March 29, 2021.

It is so ORDERED.


Judge's signature: ___/s/ April Farris_____
                                ☑ Acting individually    ☐ Acting for the Court

Date: ___March 4, 2021___